UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20-cv-393 |
| v. | ) |
| | ) |
| **Boolean Holdings LLC,** an Indiana limited liability company, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **Boolean Holdings LLC**, an Indiana corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

1

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Boolean Holdings LLC** operates and/or owns Best Western Plus Fort Wayne Inn & Suites North. The property address is at 5926 Cross Creek Boulevard, Fort Wayne, IN 46818 in Allen County. Plaintiff has patronized Defendant's hotel previously as a an overnight guest at its place of public accommodation.

6. Upon information and belief, the hotel owned or operated by the Defendant was originally built for occupancy in 2000 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the

ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participant who also has many friends who compete in adaptive sports all over the Midwest region, including multiple friends in a sled hockey league that annually compete in Fort Wayne. Among many recent visits to the area, Mr. Foster has recently purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer, been a spectator at a two day sled hockey tournament in Ft Wayne and was himself a participant at this same tournament in past years, and travels or has traveled to Fort Wayne for other recreational pursuits.

9. Leland Foster frequents many establishments in the area and has visited and been an overnight guest at Defendant's hotel which forms the basis of this lawsuit, most recently on February 23, 2020. Mr. Foster plans to return to the property, as he has at least twice previously, to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

3

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the

hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Best Western Plus Fort Wayne Inn & Suites North, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Designated Mobility Accessible Guestroom #126

A. The curtain adjuster is located above the allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

B. There are amenities including a lamp and wall electric outlets that are not accessible in the guestroom because there is not adequate clear floor space for a front or side approach, in violation of the ADA whose remedy is readily achievable.

C. The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

D. The rear grab bar around the water closet is not compliant, whereas the rear grab bar must be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side and this one does not, in violation of the ADA whose remedy is readily achievable.

E. There is not 60 inches minimum clearance around the water closet measured perpendicular from the side wall due to presence of a sink, in violation of the DA whose remedy is readily achievable.

F. There are exposed drain and water pipes at the lavatory that are not insulated to

  protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

 G. The width of the mobility guest bathroom shower is too narrow, whereas a standard roll-in shower shall have a 60 inches wide minimum entry on the face of the shower compartment. In violation of the ADA whose remedy is readily achievable.

 H. The mobility guest bathroom shower has both a shower head and a corded, handheld sprayer but the diverter to operate and alternate water flow between the fixed head to handheld sprayer is mounted in excess of 70 inches above the finish floor and requires tight clasping to operate, and the handheld sprayer is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

 I. There is no fixed shower seat in the roll-in shower, in violation of the ADA whose remedy is readily achievable.

 J. The roll-in shower faucet controls are not located on the back wall and adjacent to the fixed shower seat as required, in violation of the ADA whose remedy is readily achievable.

 K. There are amenities, including an iron, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

<u>Lobby Restrooms</u>

 L. The rear grab bar around the water closet located in the men's restroom is not compliant, whereas the rear grab bar must be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side and this one does not, in violation of the ADA whose remedy is readily achievable.

 M. There is not 60 inches minimum clearance around the water closet measured perpendicular from the side wall due to presence of a sink in the lobby men's restroom, in violation of the ADA whose remedy is readily achievable.

 N. The men's lobby restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

 O. Upon information and belief there are similar barriers to handicap access located in the lobby women's restroom facilities.

<u>Disbursal and Number of Designated Accessible Guestrooms</u>

 P. Upon information and belief there are an insufficient total number, per the ADA implementing regulations, of designated mobility accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

Q. Upon information and belief, designated accessible guestrooms are located only in "standard" guestrooms and not disbursed to each available type of guestroom, including suites with additional amenities such as more square footage, a fireplace, a whirlpool, a microwave, and refrigerator, whereas, these amenities are offered for able-bodied guests.

R. Upon information and belief, the mobility accessible guestrooms fitted with a bathtub have barriers to handicap access similar to those identified in guestroom #126.

Access to Goods and Services

S. There are not a minimum of 5% of accessible dining surfaces in the hotel's complimentary breakfast area, in violation of the ADA whose remedy is readily achievable.

T. The fitness room lacks required maneuvering clearance between exercise equipment, in violation of the ADA whose remedy is readily achievable.

U. The swimming pool does not have two accessible means of entry, one of which must be an adaptive pool lift which it does have, in violation of the ADA whose remedy is readily achievable.

V. The hot tub/spa does not have an accessible means of entry, in violation of the ADA whose remedy is readily achievable.

W. There amenities in the swimming pool area, including safety devices, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

X. The hotel registration service counter does not have a portion lowered to no higher than 36 inches high maximum above the finish floor with a 36 inch length and depth extending the same depth as the primary service counter for the use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

Y. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

Z. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

15. The discriminatory violations described in Paragraph 14 by Defendant **Boolean Holdings LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by **Boolean Holdings LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until

8

Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **Boolean Holdings LLC** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

23. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's hotel does not have numerous required physical features for the benefit of its disabled guests, which deprive a disabled individual, and

this Plaintiff, of making full use of guestroom bath facilities and hotel amenities.

24. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. District of Indiana